# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN JIMENEZ-GAMINO, | 1:09-cv-01695-LJO-SMS (HC) |
| Petitioner, | FINDING AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 15] |
| NEIL H. ADLER, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On March 10, 2005, Petitioner was arrested by the Santa Maria Police Department for possessing methamphetamine for sale, and later convicted. (Petition, at 17.) On July 25, 2005, Petitioner was sentenced to eight years in state prison for the offense. (Id.)

On April 24, 2007, the Immigrations and Customs Enforcement learned that Petitioner was in state prison. (Id.) On June 8, 2007, Petitioner was transferred to federal custody to face federal charges for Illegal Reentry.

On January 7, 2008, Petitioner was sentenced by the United States District Court for the Central District of California to fifty-one (51) months imprisonment. (Petition, Exhibit A.) The sentencing court ordered that the federal sentence was to be served "concurrently" with his "undischarged" term of imprisonment in the County of Santa Barbara.

In the instant petition, Petitioner requests that this Court order Respondent to credit him time towards his federal sentence for the period of time From March 10, 2005 through January 6, 2008 when he was serving his state sentence.

On January 28, 2010, Respondent filed a motion to dismiss the instant petition arguing Petitioner has received all available credit toward his federal sentence. (Court Doc. 15.) The Court construes Respondent's motion to dismiss as an answer to the petition. Petitioner did not file an opposition.

## DISCUSSION

I.    Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the Taft Correctional Institution in Taft, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

III.   Review of Petition

   A.    Exhaustion of Administrative Remedies

Respondent initially argues that Petitioner has failed to exhaust the administrative remedies and dismissal is warranted.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Although Petitioner states that "[e]xhaustion of remedies is not a jurisdictional requirement for habeas petitions fi[led] pursuant to 28 U.S.C. § 2241[,]" Respondent does not argue for dismissal of the petition for failure to exhaust the administrative remedies. Accordingly, the Court will address the merits of the instant petition.

B.      Sentence Calculation

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The attorney General is responsible for sentence computation decisions under § 3585. United States v. Wilson, 503 U.S. 329 (1992); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; see also United States v. Moore, 987 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

3

    (1) as a result of the offense for which the sentence is imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).

  In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Id</u>. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

  A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of <u>habeas corpus ad prosequendum</u>. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991). The State authorities retain primary jurisdiction and Federal custody does not commence until the State relinquishes the defendant on satisfaction of the State obligation. Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); (Decl. of Cheryl Lane.)

  In this instance, Petitioner was sentenced by the Santa Barbara County Superior Court on July 25, 2005. He received detention credit towards his state sentence for the time he spent in custody from March 10, 2005 until July 25, 2005 when he was sentenced on his state charge. He then continued to serve his state charge, and was credited time served against his state charge until January 7, 2008, when he was sentenced on the federal charge. (Decl. of Cherly Lane.) In addition, the time he spent in federal custody awaiting sentencing on the federal charge ( June 8, 2007 to January 6, 2008), was credited toward his state sentence. (Id.) Therefore, Petitioner is not entitled to double credit for this period of time towards his later imposed federal sentence.

  Because Petitioner's federal sentence commenced on January 7, 2008, and was ordered to run concurrent with his undischarged state term, from that date forward he received duplicate credit towards both his state and federal sentences. There is simply no basis to Petitioner's claim that he is entitled to credit against his federal sentence from March 10, 2005 forward as he

4

received all credit due for that period of time. Accordingly, Petitioner's sentence has been properly calculated and no relief is warranted.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  March 15, 2010**                     **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE